UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JOHN ZEISZLER,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN MOODY, et al.,<br><br>    Defendants. | Case No. 14-cv-04874-YGR (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO SHOW CONTINUED INTENT TO PROSECUTE THIS ACTION AND TO PROVIDE COURT WITH CURRENT ADDRESS; AND GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME** |

Plaintiff filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Dkt. 1. Plaintiff then filed an amended complaint, which is the operative complaint in this action. Dkt. 6. The Court has since reviewed the amended complaint, which alleged violations of his constitutional rights against San Mateo County Sheriff's Department officials stemming from incidents of excessive force in 2014, and based on the conditions of his confinement at San Mateo County's Maguire Correctional Facility. The Court then issued an Order of Partial Dismissal and Service. Dkt. 23.

On May 12, 2015, Plaintiff filed a notice of change of address, and informed the Court that he had been transferred to California State Prison - Solano. Dkt. 18. Plaintiff's last communication with the Court was on September 1, 2015, during which he submitted exhibits for the Court to consider in connection with the instant matter. Dkt. 21.

Clerk's Office staff has recently been informed that Plaintiff was released from prison on February 2, 2016. However, to date, Plaintiff has not provided the Court with an updated address.

Defendants' attorney has also provided proof from the California Department of Corrections and Rehabilitation that Plaintiff has been paroled as of February 2, 2016. Dkt. 39 at 6-7. Defendants have also filed a request for an extension of time to file their motion for summary judgment. Dkt. 38.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with a court order. *See Link v. Wabash R.R.*, 370

U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). But such a dismissal should only be ordered when the failure to comply is unreasonable. *See id.* A district court should afford the litigant prior notice of its intention to dismiss. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987). Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file and serve upon all opposing parties a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may, without prejudice, dismiss a complaint or strike an answer when: (1) mail directed to the attorney or the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the attorney or *pro se* party indicating a current address. *See* L.R. 3-11(b).

In the instant case, it has been almost eight months since Plaintiff has communicated with the Court. Furthermore, in its Order of Partial Dismissal and Service, the Court instructed Plaintiff that it was his "responsibility to prosecute this case" and that he "must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion." Dkt. 23 at 18. As mentioned above, the Court has been informed that Plaintiff has been released from prison, but he has not updated his address. Accordingly, it is in the interests of justice and judicial efficiency for the Court to establish Plaintiff's current address and whether he intends to continue to prosecute this action.

In light of the foregoing, Plaintiff shall file with the Court a notice of his current address and his continued intent to prosecute no later than **twenty-eight (28) days** from the date of this Order. Failure to timely do so shall result in dismissal of this action without prejudice under Federal Rule of Civil Procedure 41(b). *See Malone*, 833 F.2d at 133.

At this time, the Court also GRANTS Defendants an extension of time to file their motion for summary judgment up to and including **ninety (90) days** from the date of this Order. Dkt. 38.

IT IS SO ORDERED.

Dated: May 6, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge