UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL JOHN ZEISZLER,

    Plaintiff,

v.

JOHN MOODY, et al.,

    Defendants.

Case No. 14-cv-04874-YGR (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff filed a *pro se* prisoner complaint under 42 U.S.C. § 1983. Dkt. 1. Thereafter, Plaintiff filed an amended complaint, the operative complaint in this action. Dkt. 6. The Court then issued an Order of Partial Dismissal and Service. Dkt. 23. On May 12, 2015, Plaintiff filed a notice of change of address, and informed the Court that he had been transferred to California State Prison - Solano. Dkt. 18. Plaintiff's last communication with the Court was on September 1, 2015, during which he submitted exhibits for the Court to consider in connection with the instant matter. Dkt. 21.

On May 6, 2016, the Court issued its "Order Directing Plaintiff to Show Continued Intent to Prosecute This Action and to Provide Court with Current Address; and Granting Defendants' Motion for Extension of Time" because Clerk's office staff had been informed that Plaintiff was released from prison on February 2, 2016, and he had not filed an updated address. Dkt. 40 at 1.

On May 23, 2016, mail containing a copy of the aforementioned May 6, 2016 Order, which was directed to Plaintiff at his last-known prison address, was returned to the Clerk of the Court with a notation that it was undeliverable because prison staff was "UNABLE TO LOCATE" him because he was now a "parolee."[1] Dkt. 44. On June 13, 2016, mail directed to Plaintiff at another location, 292 Evergreen Dr., South San Francisco, California 94080, was also returned to the Clerk with a notation that Plaintiff was "not at this address."[2]

---

[1] Defendants' attorney has provided proof from the California Department of Corrections and Rehabilitation that Plaintiff has been paroled as of February 2, 2016. Dkt. 39 at 6-7.

[2] Defendants filed a document entitled, "Correction of Document No. 41: Notice of

To date, Plaintiff has not updated his address with the Court or submitted any further pleadings in this case. In addition, Defendants have informed the Court that Plaintiff failed to appear at his properly-noticed deposition on May 9, 2016. Dkt. 42 at 2. Defendants have since filed a document entitled, "Notice of Non-Compliance by Plaintiff with Court's May 6, 2016 Order and Request for Dismissal Pursuant to F.R.C.P. 41(b)," in which they request that the amended complaint be "dismissed with prejudice." Dkt. 45 at 3.

Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

More than sixty days have passed since the mail directed to Plaintiff by the Court was returned as undeliverable on May 23, 2016. The Court has not received a notice from Plaintiff of a new address. Accordingly, the amended complaint is DISMISSED without prejudice pursuant to Rule 3-11 of the Northern District Local Rules. The Clerk shall enter judgment, terminate all pending motions, and close the file.

IT IS SO ORDERED.

Dated: July 29, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge

---

Plantiff's [sic] Nonappearance at His Deposition on May 9, 2016," in which they included other possible addresses for Plaintiff, including the aforementioned address in South San Francisco as well as another address at 461 Cypress Avenue, San Bruno, California 94066. Dkt. 42 at 7. The Clerk mailed a copy of the Court's May 6, 2016 Order to both addresses, but as mentioned above only the copy mailed to the South San Francisco address was returned as undeliverable. Dkt. 43. In any event, Plaintiff has not filed a timely response to the Court's May 6, 2016 Order.